John Ruffalo, Youngstown, for appellee.
Harrington, Huxley & Smith, Youngstown, for appellant.

## MORGAN v TELEGRAM CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2383. Decided April 16, 1937

## OPINION

By ROBERTS, J.

This cause is in this court on an appeal on questions of law from the Court of Common. Pleas. where a verdict was returned by the jury in favor of the plaintiff appellee. Gladys Morgan, and against The Telegram Company, the defendant appellant. The evidence was quite brief in the case, and the only question submitted for determination, as stated by counsel for the appellant in oral argument, is the contention that the verdict in favor of the appellee is necessarily based upon at least two inferences of fact.

The appellee alleged, in effect, in her petition, that the appellant, The Telegram Company is and was at the time of the alleged accident a corporation duly organized and existing and, as such, engaged in

publishing and selling a daily newspaper in the city of Youngstown, known as The Youngstown Telegram; that in connection with said business the defendant owns, operates and controls various motor trucks used for the delivery of its newspapers during various hours of the day in and through the streets of the city of Youngstown and elsewhere outside of said city. These allegations of the petition are admitted by the answer, and all other allegations of the petition are denied by the answer. The petition further alleges that on June 30th, 1934, between the hours of 3:30 and 4:00 o'clock in the afternoon of said day, while walking westerly on the south sidewalk of East Federal Street in said city of Youngstown, and at a point about opposite the premises known as 389 East Federal Street, she was struck forcibly by a bundle of papers thrown by the defendant company from one of its newspaper delivery trucks and thereby became shocked and unbalanced in her gait by the sudden and unexpected striking, as aforesaid, with the result that she turned her right ankle, thereby sustaining the tearing, wrenching and straining of the ligaments and muscles and displacement of the bones of the right ankle, and the petition goes into further details with regard to the nature and extent of the injury and the duration of said disability resulting therefrom, not necessary now to further state. The petition further relates that at the time of the grievances herein complained of, said motor truck was manned by a certain driver and operator of said truck and one other person, who were then engaged in working for the defendant company and were engaged in the business and in the interests of said defendant company; that said defendant company was reckless and careless in the following respects, to-wit:

1. In causing said bundle of papers to be thrown from the truck and over and upon the sidewalk so as to strike the plaintiff, as herein set forth.

2. In failing to give plaintiff any warning of any description or its purpose and intention to throw said bundle of papers over to the sidewalk.

3. In causing said bundle of papers to be thrown over onto the sidewalk when the defendant knew that it would strike plaintiff, or liable so to do and cause her injuries, as herein set forth.

At the trial three witnesses testified in behalf of the appellee concerning the accident, namely the appellee, Mary Esposito and Rose DeTatto. One other witness, Dr. J. M. Russell, testified concerning the nature and extent of the injuries sustained by the plaintiff. After the introduction of this testimony the plaintiff rested her cause. Thereupon counsel for the Telegram Company moved that the case be withdrawn from the consideration of the jury and a verdict directed for the defendant, which motion was overruled. Thereupon the defendant rested its case and again moved the court to withdraw the case from the consideration of the jury and direct a verdict for the defendant, which motion was overruled. The cause was then submitted to the jury, with the result hereinbefore stated.

The testimony of the appellee and her two witnesses, who were young ladies now about fifteen years of age and about thirteen years of age when the accident happened, was the only evidence offered concerning the accident of which complaint is made, and this testimony was to this effect, that on June 30th, 1934, between 3:30 and 4:00 o'clock in the afternoon, the appellee was walking westerly on the sidewalk of East Federal Street in the city of Youngstown. One of these young lady witnesses was walking at her right and the other at her left; that when they had reached a point in front of a confectionery store, which was about the second building from the intersection of East Federal Street with Basin Street, and, as claimed, in front of the premises known as 389 East Federal Street, two young men, in an automobile, were proceeding in an easterly direction near the south side of East Federal Street, and when they were about passing the plaintiff and her companions, one of the young men raised a bundle which was subsequently ascertained to be a roll in a wrapper of several copies of the newspaper published by the defendant company, and of the date of which papers was of the issue of the day of the accident, and forcibly threw said bundle towards the plaintiff, with the result that it struck her on her ankle, causing the injury of which she complains. It is further undisputed that on this bundle were the words, "The Telegram, delivered by truck No. 6." These witnesses testified that the truck did not stop but turned to the left at the next street intersection, the young men waving their hands and shouting in evident glee after the throwing of the bundle and it striking the plain-

tiff, evidently not considering that injury had been caused thereby.

These witnesses testify a lady came out from the confectionery store before mentioned and before which the bundle had been thrown, claimed the bundle as belonging to her, took it from one of the witnesses and carried it into the store.

Counsel for the defendant appellant cites the case of Sobolovitz v The Lubric Oil Co., 107 Oh St 204, and also the case of Leasure v The East Ohio Gas Company, 31 Oh Ap 161, and insists as primarily suggested, that the defendant appellant can not be culpably connected with the transaction complained of without the use of or indulgence in at least two inferences. This constitutes the only contention of counsel for the defendant appellant and the only issue in the case. After considering the evidence and the authorities cited, this court is of the opinion that the bundle of The Telegram newspapers, which was thrown and struck the plaintiff and caused her injuries, was the property of the defendant appellant, The Telegram Company. This is sufficiently established by the facts that the accident happened at about the regular hour for the delivery of the afternoon issue of this newspaper. It had the name of the defendant appellant thereon in black letters, and in addition thereto, "Delivered by truck No. 6." That this bundle of papers reached its proper destination is established by the fact that it was thrown to the sidewalk in front of 389 East Federal Street, and that a woman came out of the confectionery store of that number, claimed the bundle as hers and took it into the store. It is thus reasonably apparent that this bundle of papers was the property of the defendant appellant, that it reached its intended destination at the place mentioned and was claimed by a subscriber or purchaser.

One proposition is somewhat uncertain and that is the bundle was delivered from a sedan, while the bundle had upon it "No. 6 truck." The only essential proposition remaining requiring an inference, as the matter is viewed by this court, is whether the young men who were unidentified, were acting as the agents, representatives or employes of the Telegram Company, authorized to make this delivery on the responsibility of the company. By reason of the conditions hereinbefore stated, that the bundle belonged to the company, that it was prepared for delivery at the proper place, raises an inference of responsibility of the defendant for the act of these persons who were delivering the product of the defendant company. Having reached the conclusion that this single inference sufficiently connects the defendant company with the accident, the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

NICHOLS and CARTER, JJ, concur.